# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IDENIX PHARMACEUTICALS LLC, UNIVERSITA DEGLI STUDI di CAGLIARI, CENTRE NATIONAL de la RECHERCHE SCIENTIFIQUE, and L'UNIVERSITÉ de MONTPELLIER, <br><br> Plaintiffs, <br><br> v. <br><br> GILEAD SCIENCES, INC. and GILEAD PHARMASSET LLC, <br><br> Defendants. | Civil Action No. 13-1987-LPS |
| IDENIX PHARMACEUTICALS LLC, UNIVERSITA DEGLI STUDI di CAGLIARI, CENTRE NATIONAL de la RECHERCHE SCIENTIFIQUE, and L'UNIVERSITÉ de MONTPELLIER, <br><br> Plaintiffs, <br><br> v. <br><br> GILEAD PHARMASSET LLC, <br><br> Defendant. | Civil Action No. 14-109-LPS |
| IDENIX PHARMACEUTICALS LLC and UNIVERSITA DEGLI STUDI di CAGLIARI, <br><br> Plaintiffs, <br><br> v. <br><br> GILEAD SCIENCES, INC., <br><br> Defendant. | Civil Action No. 14-846-LPS |

## **MEMORANDUM ORDER**

At Wilmington this 16th day of November, 2016:

IT IS HEREBY ORDERED that:

1. Plaintiffs Idenix Pharmaceuticals LLC, Universita Degli Studi di Cagliari, Centre National de la Recherche Scientifique, and L'Université Montpellier (together, "Plaintiffs" or Idenix) have moved for reconsideration (C.A. No. 13-1987 D.I. 385) of a portion of the Court's July 26, 2016 Order (D.I. 379) denying Plaintiffs' motion to strike (D.I. 295) three defenses asserted by Defendants Gilead Pharmassett LLC and Gilead Sciences, Inc. (together, "Gilead" or "Defendants"). Idenix's motion for reconsideration (D.I. 385) is DENIED.

2. Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available

when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café ex rel. LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

3. Idenix has failed to show that reconsideration is warranted. It does not point to a change in controlling law, the availability of new evidence, or the need to correct a clear error of law or fact.

4. To the extent Idenix is arguing that the Court's prior order results in "manifest injustice," the Court is unconvinced. The Court adequately ameliorated the prejudice arising from denial of the motion to strike by providing Idenix with an opportunity for additional discovery.

5. The only thing "new" in the record since the Court's ruling on the motion to strike is that whereas Idenix previously sought to strike three Gilead defenses as untimely, Idenix now proposes, in light of the Court's denial of its motion to strike, that the Court strike only one of the three defenses. Nothing precluded Idenix from advocating this (seemingly more reasonable) position earlier, at the time the Court confronted what it described as a "close call" on the motion to strike. (D.I. 380 at 141; *see also id.* at 135-36) Having chosen to present the Court with a difficult "all or nothing" choice, and the Court having done the work to make that choice, Idenix's "new" position now does not provide a meritorious basis for reconsideration.

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE