**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IDENIX PHARMACEUTICALS LLC, UNIVERSITA DEGLI STUDI di CAGLIARI, CENTRE NATIONAL de la RECHERCHE SCIENTIFIQUE, and L'UNIVERSITÉ de MONTPELLIER, <br><br> Plaintiffs, <br><br> v. <br><br> GILEAD SCIENCES, INC. and GILEAD PHARMASSET LLC, <br><br> Defendants. | Civil Action No. 13-1987-LPS |
| IDENIX PHARMACEUTICALS LLC, UNIVERSITA DEGLI STUDI di CAGLIARI, CENTRE NATIONAL de la RECHERCHE SCIENTIFIQUE, and L'UNIVERSITÉ de MONTPELLIER, <br><br> Plaintiffs, <br><br> v. <br><br> GILEAD PHARMASSET LLC, <br><br> Defendant. | Civil Action No. 14-109-LPS |
| IDENIX PHARMACEUTICALS LLC and UNIVERSITA DEGLI STUDI di CAGLIARI, <br><br> Plaintiffs, <br><br> v. <br><br> GILEAD SCIENCES, INC., <br><br> Defendant. | Civil Action No. 14-846-LPS |

**MEMORANDUM ORDER**

At Wilmington this **4th** day of **December, 2016**:

IT IS HEREBY ORDERED that:

1. On December 3, 2016, the parties – which the Court will refer to generally as "Idenix" or "Plaintiffs" and "Gilead" or "Defendants" – filed a lengthy letter advising the Court of "unresolved disputes regarding" deposition testimony of Dr. Raymond Schinazi and related documents. (C.A. No. 14-846 D.I. 489 at 1) Because the disputed testimony and exhibits may be used by Idenix during opening statements at trial tomorrow, the parties' letter presenting these disputes is timely.

2. Nonetheless, the format in which the parties have presented their disputes is not consistent with the pretrial order, which states:

> Any unresolved objections will be submitted to the Court in a joint submission . . . . The joint letter shall (i) include a copy of the entire proposed testimony of the witness at issue, clearly highlighting the designations; and (ii) a cover letter identifying the pending objections, as well as a brief indication (***no more than one sentence per objection***) of the basis for the objection and the offering party's response to the objection. Failure to comply with these procedures, absent agreement by the parties and approval by the Court, will result in ***waiver of the use of the testimony or waiver of objection to the use of the testimony***.

(Pretrial Order at pp. 11-12) (emphasis added)

3. Gilead's objections to "Issue 1" and "Issue 2" are OVERRULED as they have been waived due to Gilead's noncompliance with the PTO. Instead of "one sentence per objection," Gilead provides 1 ½ pages of single-spaced text elaborating on its objection with respect to Issue 1, and a similarly lengthy explanation of its views on Issue 2. Idenix has not

1

agreed to this approach and the Court has not approved it.[1]

In essence, Gilead, by stating objections (based on a single issue) to nearly the entirety of the Schinazi testimony, has filed another motion *in limine*, which is also not permitted at this time under the PTO (and exceeds the Court's limit of three such motions per side). If Gilead felt that the "one sentence per objection" limit did not provide sufficient opportunity for Gilead to be heard on its objections, Gilead should still have complied with the PTO, limited its explanation in the letter to one sentence per objection, and requested an opportunity to discuss the issue at greater length at trial tomorrow, before the Court brings in the jury. The PTO makes this procedure available to the parties – and, appropriately, requires them to use a portion of their allotted trial time for issues they deem worthy of it.

4. Gilead's objection to Issue 1 is OVERRULED for the additional reason that, on the merits, the Court agrees with Idenix as to the relevance of Schinazi's testimony to issues that are properly part of Idenix's case-in-chief, including willfulness and damages. Each side will be permitted to present evidence to support its view that it is the innovator and the other side is not, and may do so as part of its case-in-chief and during other portions of the trial. The Court has never indicated that such evidence is not relevant to willful infringement. Nor is the Court persuaded that the law absolutely precludes pre-patent conduct from being probative of willfulness; the broad proposition Gilead presses is not supported by the authorities it cites. *See generally Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016) ("[C]ulpability is ***generally*** measured against the ***knowledge*** of the actor at the time of the challenged conduct.")

---

[1] It is clear that the parties understand what the PTO requires for "briefing" objections to deposition testimony, as pages 7 through 9 of yesterday's letter appropriately address seven additional objections in a total of barely more than two pages of text.

(emphasis added). Schinazi's alleged conduct arguably reflects his (and by extension Gilead's) recognition of the value of Idenix's purported invention, as well as his knowledge (at the time of the challenged conduct) of Idenix's pre-patent work.

5. Gilead's objection to Issue 2 is OVERRULED for the additional reason that, on the merits, the emails and related testimony constitute a party admission and are admissible under Federal Rule of Evidence 801(d)(2). *See also Marra v. Philadelphia Hous. Auth.*, 497 F.3d 286, 299 n.9 (3d Cir. 2007) ("[The] personal knowledge requirement does not apply to party admissions."). Gilead's contentions regarding speculation, and its disputes as to whether the evidence on the whole supports the inferences Idenix will ask the jury to draw, go to the weight and not admissibility of the challenged evidence. Idenix has pointed to adequate foundation. The probative value of the evidence substantially outweighs the risk of unfair prejudice to Gilead.

6. Gilead's objection to Issue 3 is OVERRULED. The testimony is relevant to showing bias; its probative value is not substantially outweighed by the risk of unfair prejudice. Moreover, a party relying affirmatively on a witness' testimony is permitted also to attempt to question that witness' credibility. *See* Fed. R. Evid. 607.

7. Gilead's objection to Issue 4 is OVERRULED. The prior testimony is admissible under Federal Rule of Evidence 804(b)(1) and is proper impeachment.

8. Gilead's objection to Issue 5 is OVERRULED. The prior testimony is admissible under Federal Rule of Evidence 804(b)(1) and is proper impeachment.

9. Gilead's objection to Issue 6 is OVERRULED. The testimony is relevant; its probative value is not substantially outweighed by the risk of unfair prejudice.

10. Gilead's objection to Issue 7 is OVERRULED. The testimony is relevant at least to showing bias; its probative value is not substantially outweighed by the risk of unfair prejudice.

11. Gilead's objection to Issue 8 is OVERRULED. The testimony is relevant; its probative value is not substantially outweighed by the risk of unfair prejudice.

12. Idenix's objection to Gilead's counter designations (Issue 9) is OVERRULED. Idenix's vague reference to "protective order issues" does not constitute a meritorious objection to the designated testimony.[2]

/s/
_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[2] Moreover, it appears that the protective order in the other litigation contemplates the possibility that evidence protected in that action might be needed in another action. *See generally* C.A. No. 13-mc-23485-MGC Document 10 (S.D. Fl. 10/24/13) at ¶ 10 (setting out notice requirements for when "another court . . . orders production of any materials subject to the terms of this Protective Order").